FILED
CHARLOTTE, NC

NOV 19 2007

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:00cv0103-V |
| IBS, INC. (A NORTH CAROLINA CORP.), <br> IMC TRADING, INC. (A NORTH CAROLINA CORP.), <br> IMC TRADING, INC. (AN ARIZONA CORP.), <br> IMC TRADING, INC. (A NEVADA CORP.), <br> JOE MILLER COMPANY D/B/A IMC TRADING (A CALIFORNIA CORP.), <br> MAZUMA TRADING GROUP, INC. D/B/A PINPOINT MARKETING, LTD. (A FLORIDA CORPORATION), <br> ALAN STEIN, <br> JOSEPH FINATERI, <br> MICHAEL TEMPLE, and <br> SAMUEL KINGSFIELD, | ) |
| Defendants, | ) |
| INTERNATIONAL BULLION SERVICES (BAHAMAS), INC. (A BAHAMAS CORP.), <br> KIMBERLYNN CREEK RANCH, INC. (A CALIFORNIA CORP.), <br> KINGSFIELD RACING, INC. (A NEVADA CORP.), <br> F.X. & B., L.L.C. (A NEVADA CORP.), <br> A.J.S. ENTERPRISES, INC. (A NEVADA CORP.), and <br> PAMELA KINGSFIELD, | ) |
| Relief Defendants. | ) |

## ORDER

THIS CAUSE, coming on to be heard and being heard before the Honorable Richard L. Voorhees, United States District Court Judge for the Western District of North Carolina, upon the Objection to

Claims, Supplemental Objection to Claims and Second Supplemental Objection to Claim and Notices of Hearing thereon (Docket Nos. 359, 360, 361 and 362 filed herein by William Walt Pettit as Receiver (hereinafter "Receiver") on October 24, 2007); and

It appearing to the Court that all parties whose claims were objected to were properly served with a copy of the Objection, Supplemental Objection or Second Supplement Objection to Claims as appropriate and the Notices of Hearing filed in this matter, that no party in interest appeared, and that only Dennis P. Smith filed a Declaration in response to the Objection to Claim; and

It further appearing to the Court that the Receiver reviewed the process for reviewing claims with the Court, and that it was the intention of the Receiver to allow each claim unless the claim was patently objectionable, unless it was not timely filed by the date set forth by the Court or for the other reasons as set forth in each Objection.

Based on the record herein and the representations of the Receiver, the Court makes the following FINDINGS OF FACT:

1. That the process utilized by the Receiver to review claims was a fair and equitable one and was intended to include all claims.

2. That cause exists for allowing all claims filed up to and including the date of the hearing of the Objections, the same being October 24, 2007, that to the extent that the heirs of any deceased

investor(s) have properly documented their right to receive any distribution based on a decedent's claims, these claims should be allowed and that, except as herein stated, all Objections of the Receiver should be sustained.

Based on the foregoing FINDINGS OF FACT, the Court makes the following CONCLUSIONS OF LAW that all parties whose claims have been objected to have been given adequate and fair notice of the hearing on said objections and that the claims process utilized by the Receiver was a fair and equitable one.

NOW, THEREFORE, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the Receiver's Objection to Claims, Supplemental Objection to Claims and Second Supplemental Objection to Claims be and the same herewith are granted and denied in part;

2. That all claims filed with the Receiver on or before October 24, 2007 should be allowed if the sole basis for the objection to said claims was that they were not timely filed;

3. That, to the extent that heirs of deceased investors have properly documented the right to make a claim, the Receiver should allow such claim;

4. That, except as hereinabove stated, all other objections be and they herewith are sustained;

5. That the claims set forth on Exhibit A, which is appended hereto, be and the same herewith are allowed as unsecured claims

and that all claims set forth on Exhibit B, which is appended hereto, are disallowed for having been objected to for the reasons set forth in the respective Objection to Claims, Supplemental Objection to Claims or Second Supplemental Objection to Claims; and

6. That the Receiver be and he herewith shall retain all claims filed in this matter for a minimum of two (2) years following the resolution of this case.

This the _____ day of November, 2007.

_____
RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

S:\Darlene-WPDOCS\456.001\Claims Order.rtf